ISAAC HAPPEK *v.* HARTBY & KOFFOD.

MARRIED WOMEN. *Contract of wife. Liability of husband. Presumption.* If a married woman, with the knowledge, consent, and ratification of her husband, contract for labor on her real estate, a presumption would arise that he thereby made it his own contract, for which he would be liable, unless the presumption should be rebutted by proof that the contract was made exclusively with the wife, and upon her credit alone. But if the credit be given to her alone, the' husband will not be liable, although his wife lives with him, and he sees her in the enjoyment and use of the fruits of the labor, without objection. In such case the husband can be made liable only upon a new contract, based on a proper consideration.

Case cited: Catron *v.* Moore & Warren, 1 Col., 364.

FROM SHELBY.

Appeal from the Law Court. J. A. ANDERSON, Judge.

W. M. RANDOLPH for complainant.

GAULT & WADDELL for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

These suits were brought in the Law Court at Memphis by Hartby & Koffod, and by J. H. Hartby, against Isaac Happek and wife, Julia Happek, for balance due for work and labor done in the building of a house in Memphis. The contract for the building was made between Julia Happek, wife of Isaac

Happek, and Hartby & Koffod. The contract was known to and approved by Isaac Happek, and after the building was completed Isaac Happek and his wife used and occupied it. The lot on which the house was built was the property of Julia Happek, by deed in fee simple, but not held as separate property.

Under the proof and the charge of the court, the jury found for Julia Happek, upon the ground that, as a married woman, she was not bound by her contract, but against Isaac Happek upon the ground that the contract was made by Julia Happek his wife, with the knowledge, assent, and approval of her husband Isaac.

The appeal is by Isaac Happek.

The main error relied on for reversal is assigned upon the charge of the court, in these words: " If you find from the proof that the contract entered into by the plaintiffs and the defendant, Julia Happek, for the erection of the building therein described, upon the lot of ground owned by her, was made by the said Julia with the knowledge, assent, and approval of her husband Isaac, then the contract is his, and he is bound thereby, unless it is shown by the proof that she had a separate income at her own disposal," etc., and he added, " that the lot upon which the house was built, and held by her under the deeds read in evidence, was not separate property in her."

This charge is probably based upon a portion of the opinion of this court, in the case of *Catron* v. *Moore and Warren*, 1 Col., 364, in which it was said: " If the wife purchase goods, or order work to be

done, and the husband,. by any act precedent or subsequent, ratifies the contract by his assent, the husband shall be liable upon it, whether the goods or work are for himself, his children, or for his family." It is added, the husband will be bound, "unless it appears that she has a separate income at her own disposal, to be expended by her free from the control of the husband."

This portion of the opinion, taken by itself, would seem to lay down the doctrine, that if a married woman, owning no separate estate, but owning real estate in fee, enter into a contract for improvements on her real estate, and her husband, by any act, precedent or subsequent, ratifies the contract, he thereby becomes liable as matter of law, whether the parties contracting with his wife contracted alone upon the credit of his wife or not.

The Circuit Judge so understood the opinion, and charged as already quoted.

It is no doubt true that if a married woman, with the knowledge, consent, and ratification of her husband, contract for labor on her real estate, a presumption of fact would arise, that if he thereby made it his own contract,. for which he would be liable, unless the presumption should be rebutted by proof that the contract was made exclusively with the wife, and upon her credit alone. And we are led to infer that this was all that the court intended to lay down as the rule, from what we find in subsequent portions of the opinion. For instance, "if the credit be given solely to the wife, the husband is not liable, although they

live together, and although he sees her in possession of the goods bought, or fruits of the work done; nor need he prove that the goods or labor were not necessary.

The question whether the credit was given to the wife is, however, generally a question of fact for the jury, and if the credit is once given to her, the husband will not be liable, although the wife lives with him, and he sees her in the enjoyment and use of the articles or fruits of the labor, without objection, for the law does not allow a person who has once given credit to A, knowing all the facts, afterwards to shift his claim, and charge B. In such a case, the husband can only become liable by some distinct and independent contract of his own in regard to the debt, founded upon a new and proper consideration."

The true test is here laid down, as to whom the credit is given. If given to the wife alone, then the husband can be made liable only upon a new contract based on a proper consideration. But in determining the question of fact, as to whom the credit is given, proof that the husband consented to and ratified the contract would raise the presumption that it was his contract, unless it was rebutted by proof that credit was given alone to the wife.

The charge of the Circuit Judge was in conflict with this view of the law, and even in broader terms than those used in the first portions of the opinion quoted above, and upon request made to charge in accordance with the rule here laid down, he declined to do so.

For this error the judgment is reversed, without reference to other questions discussed, as to which we see no special ground of exception to the charge.